LILLIAN KHOSRAVI, ESQ. 316930
LAW OFFICE OF LILLIAN KHOSRAVI
3275 E. THOUSAND OAKS BLVD. SUITE 211
THOUSAND OAKS, CA 91362
805 428 1253
LILLIAN@KHOSRAVILAW.COM

*Attorney for Defendants Kate Krawczyk and Physician ROI, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

— — — — — — — — — — — — — — — — — — — — — — — — — — — — — X

**INTERNATIONAL CELL SURGICAL SOCIETY, A CALIFORNIA PUBLIC BENEFIT NONPROFIT CORPORATION, CELL SURGICAL NETWORK CORPORATION, A CALIFORNIA CORPORATION, CALIFORNIA STEM CELL TREATMENT CENTER, INC., A CALIFORNIA CORPORATION,**

      *Plaintiffs,*

                              **Case No. [CASE NO.]**

      *v.*

**KATE KRAWCZYK, AN INDIVIDUAL, PHYSICIAN ROI, LLC, A DELAWARE**

1

**LIMITED LIABILITY COMPANY, AND
JOHN DOES 1 THROUGH 40, INCLUSIVE,**

   *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DEFENDANTS' NOTICE OF REMOVAL

  **COME NOW**, pursuant to U.S.C. § 1441, Defendants Kate Krawczyk and Physician ROI, LLC, by and through counsel, file this Notice of Removal ("Notice"), and, in support of this Notice, state as follows:

# CONTENTS

- SUMMARY

- BACKGROUND
    - I.    Procedural History
    - II.   Plaintiffs' Allegations

- GROUNDS FOR REMOVAL
    - I.    Removal is Proper Under 28 U.S.C. § 1441 Because this Court has Subject-Matter Jurisdiction via Complete Diversity Jurisdiction Under 28 U.S.C. § 1332.
        - A. The Complaint States All Plaintiffs are Citizens of California; the Complaint Does Not Allege that any Defendant is a Citizen of California; thus, there is Complete Diversity of Citizenship Among the Parties in this Case.
        - B. Because the Complaint Seeks Damages in Excess of $75,000, the Amount in Controversy Requirement is Satisfied.
    - III.  The Procedural Requirements for Removal Have Been Satisfied.
    - IV.   Preservation of Rights and Non-Waiver of Defenses.

- CERTIFICATE OF SERVICE

- EXHIBITS

## SUMMARY

Simply put, all Plaintiffs in this case are citizens of California; not one Defendant in this case is a citizen of California; and the amount in controversy is well over $75,000; therefore, as there is complete diversity in this case and the amount in controversy exceeds $75,000, removal of this action to this Court is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

## BACKGROUND

### I. PROCEDURAL HISTORY

1. Plaintiffs International Cell Surgical Society, Cell Surgical Network Corporation, and California Stem Cell Treatment Center, Inc. filed their Complaint in the Superior Court of California, County of Riverside on 02 March 2023 (the "State Court Action"). (Ex. F, Complaint.).

2. The Complaint lists Kate Krawczyk and Physician ROI, LLC as the two named Defendants along with John Does 1-40.[1] (*Id.*).

---

[1] In determining whether removal is proper, the citizenship of citizens sued under fictitious names is not considered. 28 U.S.C. § 1441(b)(1).

3. Mrs. Krawczyk was served on 20 March 2023; Physician ROI was served on 21 March 2023. (*See* Ex. L, Proof of Service of Summons.).

4. A notice of filing of this Notice of Removal will promptly be filed in the Superior Court of California, County of Riverside and served on Plaintiffs' counsel. (*See* Ex. A, Declaration of Kate Krawczyk.).

5. Pursuant to Local Rule 3-1, a completed civil cover sheet is attached hereto as Exhibit B. An index of all documents filed in the State Court Action is attached hereto as Exhibit E, and separately tabbed copies of all documents, processes, and proceedings to date in the State Court Action are attached hereto as Exhibits F-M.

## II. PLAINTIFFS' ALLEGATIONS

6. Ultimately, this is a business dispute between Mr. Berman and Mrs. Krawczyk over various intellectual property assets they created over the last five years. (*See* Ex. A, Declaration of Kate Krawczyk.). More specifically, the State Court Action concerns a partnership that Mr. Berman, Mrs. Krawczyk, and their respective companies built and developed together from 2018 to 2023. (*See*

*generally* Ex. F, Complaint.). Plaintiffs have raised a series of allegations and claims against Defendants in connection with the partnership, including breach of contract, breach of implied covenant of good faith and fair dealing, fraud and deceit, recession and restitution, conversion, intentional interference with prospective economic advantage, fraudulent unfair practices, and a violation of penal code Section 946. (*See generally id.*).

7. Plaintiffs seek various damages totaling well-over $75,000, exclusive of costs and interests. (*See* Complaint, 39-49 (showing Plaintiffs are seeking $134,092, $132,177, and $2,800 for each of their eleven causes of action).). Plaintiffs also seek injunctive, declaratory, and equitable relief against Defendants, including an order for a constructive trust, an accounting, a declaration of a violation of penal code Section 946, an injunction prohibiting continued impersonation, and an injunction requiring Defendants to turn over all intellectual property to Plaintiffs. (*See id.* at 47-49.).

8. Plaintiffs' allegations are denied, and it is further denied that Defendants are properly named as parties, except those facts necessary for removal of this action on diversity of citizenship grounds, as discussed herein.

## GROUNDS FOR REMOVAL

9. In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir.2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*.

**I.  REMOVAL IS PROPER UNDER 28 U.S.C. § 1441 BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION VIA COMPLETE DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332.**

10. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because each Plaintiff is of a different citizenship from each Defendant, and the amount in controversy is greater than $75,000. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Therefore, this action could have originally been filed in this Court and is now properly removed to this Court. *Id*.

    **A.  The Complaint States All Plaintiffs are Citizens of California; the Complaint Does Not Allege that any Defendant is a Citizen of California; thus, there is Complete Diversity of Citizenship Among the Parties in this Case.**

11. International Cell Surgical Society, Cell Surgical Network Corporation, and California Stem Cell Treatment Center, Inc. are all incorporated in California and California is the principal place of business for all three Plaintiffs. (*Id*.). (*See* Ex. A, Complaint, ¶¶ 8-10.). All three Plaintiffs are therefore citizens of California. (*Id*.).

12. Sean Berman—the individual swearing the facts alleged in the Complaint are true and correct—is the manager of International Cell Surgical Society, director of operations for Scientific Research for Cell Surgical Network Corporation, and a manager for California Stem Cell Treatment Center, Inc. (*See* Ex. C, Verification of Sean Berman.). Mr. Berman is also a citizen of California. (*Id*.).

13. The Complaint correctly notes that Mrs. Krawczyk is a citizen of Maine, currently residing at 39 Freeman Ridge Rd., South West Harbor, ME 04679. (*See* Ex. F, Complaint, ¶¶ 11-12 (acknowledging that neither Mrs. Krawczyk nor Physician ROI is a citizen of California).). Mrs. Krawczyk has never been a citizen or resident of California. (*See* Ex. A, Declaration of Kate Krawczyk.).

14. Because Physician ROI is a single member LLC, it takes the citizenship of its member, Mrs. Krawczyk; therefore Physician ROI's is also a citizen of Maine. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its

owners/members are citizens.").[2] The Complaint correctly notes that Physician ROI is a Delaware limited liability company. (*Id.* at ¶ 12.).

15. Because all Plaintiffs are citizen of California and because not one Defendant is a citizen of California, there is complete diversity between all Plaintiffs and all Defendants in this case. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

  **B. Because the Complaint Seeks Damages in Excess of $75,000, the Amount in Controversy Requirement is Satisfied.**

16. When a defendant seeks federal-court adjudication, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citations omitted). If the plaintiff's complaint demands monetary

---

[2] *See also Handelsman v. Bedford Village Assocs.*, Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship for diversity purposes is that of the members, not of the company"); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *TPS Utilicom Servs., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company … is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

relief of a stated sum, that sum, if asserted in good faith, is "deemed to be the amount in controversy." *Id*. at 84; § 1446(c)(2).

17. Here, the amount in controversy meets the jurisdictional requirements, as Plaintiffs' Complaint states Plaintiffs are seeking $134,092, $132,177, and $2,800 for each of its eleven causes of action against Defendants. *Id*. (*See* Complaint, 39-49 (listing Plaintiff's requested relief)). And these damages are exclusive of the costs and interests that Plaintiffs are also seeking. (*See id*.).

18. Because there is complete diversity among all Plaintiffs and all Defendants and because the amount in controversy is well over $75,000, this Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332.

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

19. A case generally must be removed to the district court for the district and division where the state-court action is pending. *See* 28 U.S.C. § 1441(a).[3]

---

[3] *See also* 28 U.S.C. §§ 81 through 131 (geographic scope of US district courts).

20. Plaintiffs filed the Complaint in the Superior Court of California, County of Riverside on 02 March 2023. (Complaint, 1.). Mrs. Krawczyk was served on 20 April 2023; Physician ROI was served on 21 April 2023. (*See* Ex. L, Proof of Service of Summons.). Accordingly, this Notice of Removal was timely filed within 30 days of Plaintiffs serving Defendants. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

21. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Central District of California embraces Riverside County, California.[4] 28 U.S.C. § 112(d).

---

[4] *See id.*

22. All Defendants who have been properly joined and served have consented to removal and each Defendant's consent to removal is attached as Exhibit D. 28 U.S.C. § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology*, Inc., 584 F. 3d 1208, 1225 (9th Cir. 2009).

23. No previous application has been made for the removal by any Defendant.

24. After filing this Notice of Removal, Mrs. Krawczyk will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Superior Court of California, County of Riverside in accordance with 28 U.S.C. § 1446(d).

25. True and correct copies of all process, pleadings, and orders served on the Defendants in the action pending in the Superior Court of California, County of Riverside are attached hereto as Exhibits F-M. 28 U.S.C. § 1446(a).

## IV. PRESERVATION OF RIGHTS AND NON-WAIVER OF DEFENSES.

26. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

27. By removing this action from Superior Court of California, County of Riverside, Defendants do not waive any defenses available to them.

28. By removing this action from Superior Court of California, County of Riverside, Defendants do not admit any of the allegations in Plaintiffs' Complaint.

29. Defendants also reserve the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendants Kate Krawczyk and Physician ROI, LLC respectfully give notice that the above-captioned civil action pending in the Superior Court of California, Riverside County is

removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

**Dated**: 20 April 2023

**Respectfully submitted**,

By: /s/LILLIAN KHOSRAVI/

LILLIAN KHOSRAVI, ESQ. 316930
LAW OFFICE OF LILLIAN KHOSRAVI
3275 E. THOUSAND OAKS BLVD. SUITE 211
THOUSAND OAKS, CA 91362
805 428 1253
LILLIAN@KHOSRAVILAW.COM

*Attorney for Defendants Kate Krawczyk and Physician ROI, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed using this Court's CM/ECF notification service, which sent notification of such filing to all counsel of record on 20 April 2023.

Law Offices of Marvin H. Weiss
Marvin H. Weiss, SBN 35735
74-075 El Paseo, Suite A-3
Palm Desert, CA 92260
mhwesq@me.com
760-340-2500

**Dated**: 20 April 2023

**Respectfully submitted**,

By:  /s/LILLIAN KHOSRAVI/

LILLIAN KHOSRAVI, ESQ. 316930
LAW OFFICE OF LILLIAN KHOSRAVI
3275 E. THOUSAND OAKS BLVD. SUITE 211
THOUSAND OAKS, CA 91362
805 428 1253
LILLIAN@KHOSRAVILAW.COM

*Attorney for Defendants Kate Krawczyk and Physician ROI, LLC*

## EXHIBITS

Exhibit A, Declaration of Kate Krawczyk

Exhibit B, Civil Cover Sheet

Exhibit C, Verification of Sean Berman

Exhibit D, Defendant Physician ROI's Consent to Removal

Exhibit E, Index of State Court Documents

Exhibit F, Complaint for Business Tort/Unfair Business Practice (Over $25,000)

Exhibit G, Civil Case Cover Sheet

Exhibit H, Certificate of Counsel

Exhibit I, Summons Issued and Filed

Exhibit J, Notice of Case Management Conference Complaint for Business Tort/Unfair Business Practice (Over $25,000)

Exhibit K, Notice of Department Assignment

Exhibit L, Proof of Service of Summons on Complaint for Business Tort/Unfair Business Practice (Over $25,000) of INTERNATIONAL CELL SURGICAL SOCIETY

Exhibit M, Proof of Service of Summons on Complaint for Business Tort/Unfair Business Practice (Over $25,000) of INTERNATIONAL CELL SURGICAL SOCIETY